IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES M. JOHNSON                                      PLAINTIFF

v.                              No. 4:21-cv-579-DPM

UNITED STATES POSTAL SERVICE                DEFENDANT

## ORDER

1.     James Johnson is an older light-skinned African-American man who worked for the United States Postal Service for thirty-six years until he retired.  He started as a letter sorter mail operator. He worked his way up to a window clerk.  He sues, alleging he was targeted because of his race, color, age, and sex, which caused him to retire a year early.  Many of the material facts are undisputed. Where some genuine dispute exists, the Court takes the record in Johnson's favor.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

Johnson points to several incidents that occurred toward the end of his employment with the Postal Service that he says created a hostile work environment:

- During a two-and-a-half-year period from April 2018 to October 2020, Johnson was evaluated on 263 transactions. During that time, the next highest number of evaluations for any other employee with the same job title was sixteen.

- Johnson received a letter of warning for failing four of his evaluations.  He filed a grievance, and the Postal Service rescinded the letter by agreement.

- Johnson received a letter of suspension for seven days for allegedly failing a mystery shopper evaluation.  He filed a grievance, and the Postal Service rescinded the letter by agreement.

- Johnson received a letter of suspension for seven days for being absent without leave.  He filed a grievance, and the Postal Service rescinded the letter by agreement.

- Johnson received a letter of warning for allegedly violating the uniform code.

- Someone left a document called "excerpts from employee evaluations" at Johnson's workstation.  *Doc. 36 at 9.*  The list included remarks like "not the sharpest knife in the drawer."  *Doc. 36-3 at 12.*  Johnson felt that all the remarks were inappropriate.

2.      First, Johnson presses a hostile work environment claim based on race, color, age, and sex discrimination.  The fact that all the disciplinary letters were rescinded with the Postal Service's agreement after Johnson challenged them in a grievance creates an inference that the Postal Service recognized that the disciplinary actions were unjustified or otherwise improper.  But all the conduct that he says

-2-

created a hostile work environment amounts to increased scrutiny. The transaction evaluations were certainly frequent—startlingly so. But, precedent is clear that even frequent scrutiny does not necessarily create an objectively hostile or abusive workplace. *O'Brien v. Department of Agriculture*, 532 F.3d 805, 809-10 (8th Cir. 2008). Employers must have leeway to scrutinize employees' work. All the circumstances must be so severe or pervasive that they create an intolerable situation. *O'Brien, supra* (collecting cases). The Postal Service's increased scrutiny did not create a workplace so hostile that it violated Title VII.

3.      Second, Johnson says he has brought disparate treatment claims based on race, color, age, and sex. It's not clear whether Johnson exhausted these claims. There was no square ruling from the EEOC on them. *Doc. 36-8*. But, in the facts Johnson presents, some involve him allegedly being treated differently from his coworkers. The Court will therefore address disparate treatment on the merits.

Because there is no direct evidence of race, color, age, or sex discrimination in this case, the Court applies the *McDonnell Douglas* burden-shifting framework. *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014). The Court assumes Johnson has made a *prime facie* case. *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874 (8th Cir 2010). The Postal Service has provided legitimate, non-discriminatory reasons for all the disciplinary actions taken against Johnson. The case therefore

comes down to pretext. Has Johnson presented sufficient evidence such that a reasonable juror could find that the Postal Service's stated reasons for the disciplinary actions were merely pretext for discrimination? *Torgerson*, 643 F.3d at 1046.

No. Johnson's disparate treatment claims fail for lack of a sufficient comparator. The test at the pretext stage is rigorous. Johnson must point to someone who dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *Johnson v. Securitas Security Services USA, Inc.*, 769 F.3d 605, 613 (8th Cir. 2014) (en banc).

He identifies nine potential comparators for his claim regarding the excessive evaluations. But the Postal Service notes that Johnson's job duties were different from these other workers—his only tasks were retail sales and service transactions, while all the others split their time between retail and non-retail operations. *Doc. 36-8 at 5.* Some of the workers that Johnson points to failed evaluations but didn't receive letters of warning. None of these individuals, however, failed four evaluations as Johnson did. *Doc. 36 at 5-6.* All these candidates are not similarly situated enough to be comparators.

Regarding the letter of suspension for the mystery shopper evaluation, Johnson points to Scott Jones, a fifty-four-year-old white male. Jones received a letter of warning for his failed evaluation. He

didn't ask questions about HAZMAT issues, while Johnson didn't ask questions about insurance, signature confirmation, stamps, and P.O. Box information. *Doc. 36 at 7; Doc. 36-2 at 85.* Jones's conduct was different. He doesn't qualify as a comparator, either.

Johnson doesn't point to any specific comparators for his claims related to his disciplinaries for his absence without leave and violation of the uniform code. And his supervisor testified on deposition that no other window clerks left work because they were sick without providing medical documentation or violated the uniform code. *Doc. 36-2 at 116 & 134.*

The Postal Service is therefore entitled to judgment as a matter of law on all of Johnson's disparate treatment claims. *Torgerson*, 643 F.3d at 1042.

\*    \*    \*

Motion for summary judgment, *Doc. 28*, granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_24 January 2024_